# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE KROGER COMPANY,** <br>         *Plaintiff,* <br><br>    v. <br><br> **NEW ENTERPRISE STONE & LIME CO., INC. et al.,** <br>         *Defendants/Third-Party Plaintiff,* <br><br>    v. <br><br> **ARM GROUP, INC., and D.C. GOHN ASSOCIATES, INC., and LEON E. WINTERMYER, INC.** <br>         *Third-Party Defendants.* | Civil Action No. 17-cv-01541 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                             **September 25, 2018**

Plaintiff, The Kroger Company, filed suit against New Enterprise Stone and Lime Co., Inc. ("NESL"), a subcontractor that agreed to conduct asphalt paving work at a Pennsylvania construction project called the "Turkey Hill Dairy Expansion" (the "Project"). Due to circumstances in which the bituminous pavement allegedly became defective as a result of deviations from specified requirements, Kroger brought claims against NESL for breach of subcontract, breach of warranty, and disgorgement. NESL then filed the Third-Party Complaint against several companies, including ARM Group, Inc., D.C. Gohn Associates, Inc, and Leon E. Wintermyer, Inc. ("LEW"). NESL alleges claims of negligence in Counts II, III, and IV against ARM, DC Gohn, and LEW, respectively, for their roles in the Project. NESL later added a claim of negligent misrepresentation against ARM and DC Gohn under Count V in its Amended Third-Party Complaint, asserting that NESL relied upon information it received from them.

ARM now moves to dismiss the Amended Third-Party Complaint as to Counts II and V,[1] and DC Gohn moves to dismiss as to Counts III and V. Third-Party Defendants argue Count V is barred by the statute of limitations, Count II is barred by the economic loss doctrine, and all counts are regarded as improper for requesting contribution and indemnification. LEW moves for summary judgment as to Count IV, arguing that it is barred by the statute of limitations and barred by the economic loss doctrine, and that NESL has failed to adduce sufficient evidence of damages attributable to LEW's conduct to maintain a claim of negligence against it. For reasons discussed below, ARM, DC Gohn, and LEW's motions as to Counts II, III, IV, and V will be granted.

I.  **BACKGROUND**[2]

Kroger entered into an agreement with Kinsley Construction, Inc., in which Kinsley agreed to serve as the general contractor for the Project. The Project required particular specifications for its development, including a tailored thickness of materials in the bituminous concrete pavement. After Kroger accepted Kinsley's bid for paving according to previously agreed-upon specifications, Kinsley subcontracted with LEW to prepare the subgrade of the entire Project site, including the areas that were to be paved with asphalt. Kinsley then subcontracted the asphalt paving work to NESL and its division, Burkholder Paving.

Upon substantial completion of its work, NESL warranted to Kinsley that it had finished the heavy-duty flexible pavement with geogrid work in accordance with the contractual requirements, the bituminous concrete pavement specifications, and the detail with geogrid as noted and detailed on site drawings for the paving. Kroger alleges, however, that there were

---

[1] ARM does not move to dismiss NESL's claim of negligent misrepresentation in Count I against it.

[2] The following facts, alleged in Kroger's Complaint and NESL's Amended Third-Party Joinder Complaint, are construed in the light most favorable to NESL as the non-moving party.

significant undisclosed deviations from the specifications, which resulted in defects in the bituminous pavement such as "alligator" cracking, rutting, sinking of paving around inlets, and raveling. Approximately in June of 2015, NESL conveyed its intent to return to repair the areas where there were alleged defects, causing it to incur increased costs. Nonetheless, further defects, which became visible in the pavement, persisted after NESL's return. Kroger therefore seeks damages against NESL for its breach of express warranty, breach of subcontract, and disgorgement of unearned subcontract payments.

NESL alleges that Kroger also entered into a contractual agreement with Greenfield Architects, Ltd. to serve as the architect of record on the Project, and to design and perform construction management services at the Project. Greenfield then entered into several sub-consulting agreements, two of which were with Third-Party Defendants ARM and DC Gohn. ARM provided geotechnical engineering services for the Project, which included conducting geotechnical investigation and analysis into the Project site and onsite materials and preparing a report discussing its findings. ARM also subsequently entered into a separate contract with Kroger to perform quality assurance inspection and testing at the Project, which included monitoring, inspecting, testing, and approving or rejecting all phases of construction and installation of paved parking areas of the Project.

DC Gohn prepared all civil drawings and specifications pertaining to the Project, and allegedly participated in developing the parking lot design and preparing all asphalt paving-related details and design specifications on the drawings for the Project.

NESL has filed an Amended Third-Party Complaint, asserting claims of negligence against ARM (Count II), DC Gohn (Count III), and LEW (Count IV), including claims of contribution and common law indemnity. NESL also has included claims against both ARM and

DC Gohn based on negligent misrepresentation (Count V).  Under Counts II, III, and V, ARM and DC Gohn have moved to dismiss the Amended Third-Party Complaint.  LEW has moved for summary judgment on the sole claim against it.

II.     LEGAL STANDARDS

   A. **Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief.[3]  Determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4]  Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[5]  Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6]  The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7]  Deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[8]

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] *Twombly*, 550 U.S. at 555, 564.

[6] *Id.* at 570.

[7] *Id.* at 562 (internal quotation marks and citations omitted).

[8] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels,* 128 F. App'x 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

### B. Federal Rule of Civil Procedure 56

Upon motion of a party, summary judgment may be granted if the moving party persuades the district court that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9] In evaluating this motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[10] Moreover, the summary judgment procedure is intended to "promptly dispos[e] of actions in which there is no genuine dispute as to any material fact *or* in which *only a question of law is involved*."[11]

### III. DISCUSSION

#### A. ARM and DC Gohn's Motions to Dismiss[12]

In Counts II, III, and V, NESL alleges ARM and DC Gohn are "liable over to NESL for Kroger's alleged damages pursuant to Pennsylvania common law indemnity" or, in the

---

[9] Fed. R. Civ. P. 56(a), (c)(1)(A); *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); *Fed. Labs., Inc. v. Barringer Research Ltd.*, 696 F.2d 271, 274 (3d Cir. 1982).

[10] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[11] C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2712 (1973 & Supp. 1982) (emphasis added); *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)) (noting that the "underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense"); *Dixon v. Am. Tel. & Tel. Co.*, 159 F.2d 863, 864 (2d Cir. 1947); *see also Frank C. Pollara Grp., LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 185 (3d Cir. 2015) (acknowledging that a summary judgment motion may be determined solely based on a "pure issue of law").

[12] NESL contends that ARM's arguments as to contribution and indemnity are barred by Federal Rule of Civil Procedure 12(g)(2), because they were raised only in response to the Amended Third-Party Joinder Complaint and were not included in the motion to dismiss the first Third-Party Joinder Complaint. The Court disagrees.

Rule 12(g)(2) prohibits a party from "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). However, when a plaintiff's amended complaint contains new factual averments, Rule 12(g)(2) does not apply and defendants are entitled to challenge with another Rule 12(b)(6) motion. *Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 666–67 (E.D. Pa. 2014) ("[B]ecause [Plaintiff]'s amended complaint supplements the factual allegations regarding the [particular] claim, the [Defendant] is not barred from raising new defenses and objections to that claim.").

NESL only provided specifically tailored supplemental factual averments regarding ARM's alleged contribution and indemnification in the Amended Third-Party Complaint, which was the first time it raised the negligent misrepresentation claims. Thus, Rule 12(g)(2) does not bar ARM's arguments.

alternative, "jointly liable to NESL for contribution."[13]  Pursuant to Federal Rule of Civil Procedure 14, a defendant may bring a third-party complaint against a nonparty "who is or may be liable" to the *defendant* "for all or part of the *claim* against [the *defendant*]."[14]  District courts have held that a defendant or third-party plaintiff may not bring in a third party that is solely liable to the plaintiff because the third party must be directly liable to the defendant.[15]

In addition, courts have concluded that a third-party claim itself must be grounded specifically within the "claim" originally brought against the defendant.[16]  In *Pansini v. Trane Co.*,[17] for example, plaintiffs sued the intermediate seller of a new heating and air conditioning unit for breaches of contract and warranty since the unit was not functioning as guaranteed.[18]  The intermediate seller then brought a third-party complaint against the contractor who sold and installed the unit alleging negligent installation.[19]  Because the defendant's allegations against the contractor were based on tort claims of negligence, rather than on the contract or warranty claims brought against the defendant, the defendant's third-party complaint was deemed improper under the Rule.[20]

The Court applies similar reasoning in this case, where Kroger has alleged specific contractual claims against NESL for breach of express warranty and breach of subcontract,

---

[13] Am. Joinder Compl. ¶¶ 102-103, 114-115, 130.

[14] Fed. R. Civ. P. 14(a)(1) (emphasis added).

[15] *Pansini v. Trane Co.*, No. 17-3948, 2018 WL 2129453, at *2 (E.D. Pa. May 9, 2018); *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016).

[16] *Id.* at *2 ("The 'claim' . . . refers to the *specific* claim against the defendant—for example, a contract claim as opposed to a tort claim—rather than a *general* claim that the defendant is generally liable to the plaintiff.").

[17] *Id.*

[18] *Id.* at *1, *3.

[19] *Id.* at *1.

[20] *Id.* at *3.

including disgorgement of unearned subcontract payments.[21] NESL's allegations against ARM and DC Gohn, however, stem from negligence and tort rather than breach of contract or warranty.[22] Therefore, the Court finds that ARM and DC Gohn cannot be liable for any part of NESL's alleged breaches of contract or warranty.[23]

This conclusion is supported under Pennsylvania law of contribution and common law indemnity.[24] Contribution is governed by the Pennsylvania Uniform Contribution Among Tortfeasors Act,[25] which provides a remedy only between joint *tortfeasors* who are either jointly or severally liable for the same injury.[26] Since the remedy exists among tort claims, this District has reiterated that contribution excludes, for example, breach of contract claims.[27] Although a claim for breach of warranty against a defendant may theoretically be construed as a tort claim for purposes of seeking contribution, a defendant being sued for breach of warranty is advised to

---

[21] Compl. ¶¶ 62, 69, 76.

[22] *See Pansini*, 2018 WL 2129453 at *3 ("To paraphrase *Foulke*, '[t]here is no way that [Kanze] can be held liable for any part of [Ferguson's] alleged breaches of contract and warranty]' when Kanze's alleged wrongdoing was due to negligence.") (citing *Foulke v. Dugan*, 212 F.R.D. 265, 269 (E.D. Pa. 2002)).

[23] ARM and DC Gohn both also argue that Count V is untimely since NESL's negligent misrepresentation claim is barred by the two-year statute of limitations. 42 Pa.C.S. § 5524(7) (2014). NESL, however, contends under the discovery rule that it only discovered ARM and DC Gohn's roles in the present matter through exercise of reasonable diligence upon later evidence, such that Count V should survive the statute of limitations. *See Blanyar v. Genova Prod. Inc.*, 861 F.3d 426, 431–32 (3d Cir. 2017) (internal citations and quotation marks omitted) ("The discovery rule tolls the statute of limitations during the plaintiff's complete inability, due to facts and circumstances not within his control, to discover an injury despite the exercise of due diligence."). Since the Court has determined that NESL improperly brought a third-party negligent misrepresentation cause of action under Count V by seeking contribution and common law indemnity, the Court need not address this issue.

[24] *In re One Meridian Plaza Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993) (citing *Smith v. Whitmore*, 270 F.2d 741 (3d Cir. 1959)).

[25] 42 Pa. C.S. §§ 8322–8327 (2018).

[26] *Slaughter v. Pa. X-Ray Corp.*, 638 F.2d 639, 642 (3d Cir. 1981); *Bank v. City of Phila.*, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014) (citing *Richardson v. John F. Kennedy Mem'l Hosp.*, 838 F. Supp. 979, 989 (E.D. Pa. 1993)); *Herndon Borough Jackson Twp. Joint Mun. Auth. v. Pentair Pump Grp., Inc.*, No. 12-1116, 2015 WL 2166097, at *2 (M.D. Pa. May 8, 2015) ("Contribution is only allowed under Pennsylvania law for torts.").

[27] *ECN Fin. LLC v. Galmor's/G&G Steam Servs., Inc.*, No. 17-2760, 2018 WL 3642268, at *8 (E.D. Pa. Aug. 1, 2018); *E. Elec. Corp. of N.J. v. Rumsey Elec. Co.*, No. 08-5478, 2010 WL 2788294, at *2 (E.D. Pa. July 14, 2010).

additionally allege a similar claim against the third-party defendant so as not to "mismatch" substantially separate tort claims.[28] NESL has not done that here.

Even if breach of warranty were considered a tort, NESL does not assert breach of warranty claims against ARM or DC Gohn; rather, it seeks contribution based on negligence and negligent misrepresentation claims. This "mismatch" between a defendant being sued for one potential tort claim—breach of warranty— and subsequently suing a third-party defendant for substantially different tort claims—negligence and negligent misrepresentation— is what further leads the Court to bar its claim for contribution.

Unlike contribution, which involves apportioning liability among concurrent tortfeasors, common law indemnity shifts the entire responsibility for equitable damages from one party to another.[29] It is available "where primary versus secondary or vicarious liability is present."[30]

Under Pennsylvania law, common law indemnity requires at least two elements: (1) a preexisting legal relationship between the indemnitor and the indemnitee, and (2) a tort.[31] A "legal relationship" in this context has generally arisen from either *respondeat superior* or liability between parties along a chain of distribution.[32] For example, in *Pansini*, the defendant's sale of a heating and air conditioning unit to the third-party defendant, who in turn sold,

---

[28] *See Pansini*, 2018 WL 2129453 at *3–*6 (providing the extensive historical background from two Pennsylvania trial court decisions that have held a claim for breach of warranty may be a tort action on which contribution may be premised).

[29] *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 174 (3d Cir. 2008) ("Indemnification is 'a fault shifting mechanism.'") (quoting *Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 871 (Pa. 1986)); *Richardson*, 838 F. Supp. at 989.

[30] *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 448 (3d Cir. 2000) (citing *Richardson*, 838 F. Supp. at 989)). It is also available "where there is an express contract to indemnify," but there are no allegations here to suggest NESL created express indemnification agreements with ARM and DC Gohn. *Id.* NESL only mentions that Kroger alleges NESL represented in a written warranty to Kroger that the paving was "free from all defects." Compl. ¶ 18.

[31] *Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. 1951).

[32] *Id.* (citing *Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000)).

designed, and installed the unit in the plaintiff's home, created a legal relationship.[33] The Court finds no such relationship here.

NESL, ARM and DC Gohn are not in a "chain of distribution" because such a relationship usually concerns a negligent wholesaler or manufacturer.[34] ARM provided geotechnical engineering services for the Project such as testing and monitoring the onsite materials,[35] while DC Gohn prepared and developed civil drawings and specifications pertaining to the Project site including those related to asphalt paving.[36] Thus, there is no legal relationship with NESL that permits indemnification.

Even if there were a legal relationship, NESL has not alleged that it faces any type of tort claim. The Pennsylvania Superior Court, for instance, has held that a defendant may bring a third-party complaint against "others in the distribution chain" when the defendant is alleged to have caused harm "because of negligence in manufacture or design."[37] Since Kroger alleges breaches of warranty and contract against NESL, rather than negligence, and NESL alleges negligence and negligent misrepresentation against ARM and DC Gohn, the question remaining is whether NESL faces a tort claim.

"Common law indemnity is a means of restitution to be used by one *tortfeasor* against another, and not when the third party plaintiff's liability is based on a *breached contract* between it and the original plaintiff."[38] However, the Court has found no cases holding that a breach of

---

[33] *Id.*

[34] *See Morris*, 192 F.R.D. at 489 ("[A] retailer has a right of indemnity against a negligent wholesaler or manufacturer.").

[35] Am. Compl. ¶¶ 15, 20.

[36] Am. Compl. ¶¶ 17, 21.

[37] *Automatic Time & Control Co. v. ifm Elecs., GmBh*, 600 A.2d 220, 222 (Pa. Super. Ct. 1991).

[38] *Pansini*, 2018 WL 2129453 at *8 (emphasis added) (internal quotation marks omitted); *see also Kane v. BOC Group, Inc.*, 234 F.3d 160, 165–66 (3d Cir. 2000) (analyzing indemnification recovery as separate from breach of contract recovery).

warranty claim is enough of a tort for purposes of indemnity.[39] The Court is therefore persuaded that in this case, NESL has not stated viable claims for either contribution or indemnification.[40]

### B. LEW's Motion for Summary Judgment[41]

In Count IV for negligence, NESL also alleges LEW is "liable over to NESL for Kroger's alleged damages pursuant to Pennsylvania common law indemnity" or, in the alternative, "jointly liable to Kroger for Kroger's alleged damages and liable over to NESL for contribution."[42] For the reasons set forth above in connection with the motions to dismiss, and in viewing the alleged facts in a light most favorable to the non-moving party, the Court will grant summary judgment.[43]

---

[39] *Id.* ("[T]he text and purpose of the contribution statute has little to say about the operation of common law indemnification, and the out-of-state decisions do not touch on indemnification.").

[40] ARM argues that Count II is barred by the economic loss doctrine, which the Court need not address. Under Pennsylvania law, the economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Sovereign Bank*, 533 F.3d at 175 (quoting *Adams v. Copper Beach Townhome Cmtys., L.P.*, 816 A.2d 301, 305 (Pa. Super. Ct. 2003)); *Aetna, Inc. v. Insys Therapeutics, Inc.*, 17-4812, 2018 WL 4051800, at *8 (E.D. Pa. Aug. 24, 2018). NESL contends that the economic loss doctrine does not apply to the negligence claim pursuant to § 552 of the Restatement (2d) of Torts. *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 866 A.2d 270, 288 (Pa. 2005).

Again, the problem here is that there is a "mismatch" between Kroger's claims against NESL for breach of contract and breach of warranty, and NESL's claim of negligence and seeking contribution and common law indemnity remedies against ARM. Thus, the remedies of contribution and common law indemnity which NESL seeks from ARM are improper since—unless otherwise alleged by NESL—Kroger's claims derive mainly from contractual issues, which are not covered by the economic loss doctrine.

[41] LEW argues that Count IV is untimely since NESL's negligence claim is barred by the two-year statute of limitations. 42 Pa.C.S. § 5524(7) (2014). LEW further supplies exhibits suggesting that NESL discovered the injury and LEW in March of 2015, rather than the later date suggested by NESL, which would preclude NESL's cause of action against LEW. *See Blanyar v. Genova Prod. Inc.*, 861 F.3d 426, 431–32 (3d Cir. 2017) (internal citations and quotation marks omitted) ("The discovery rule tolls the statute of limitations during the plaintiff's complete inability, due to facts and circumstances not within his control, to discover an injury despite the exercise of due diligence.").

NESL contends that disputed material facts still exist as to when it became aware of LEW's alleged negligence under the statute of limitations, and that the applicable statute of limitations here is pertinent to its claims for contribution and common law indemnity, rather than negligence. Since the Court has determined that NESL improperly brought a third-party negligence cause of action by seeking contribution and common law indemnity, the Court need not address this issue.

[42] Am. Joinder Compl. ¶¶ 120-121.

[43] LEW also argues that NESL has adduced insufficient evidence of damages attributable to LEW's conduct to maintain a claim of negligence against LEW. The Court, however, need not even address whether there is a genuine issue of material fact as to the negligence claim. Only a question of law is involved here based on the alleged facts

As explained, NESL's allegations against LEW stem from negligence and tort, rather than breach of contract or warranty.[44] Even if breach of warranty were considered a tort, this "mismatch" between a defendant being sued for one potential tort claim—breach of warranty—and subsequently suing a third-party defendant for a substantially different tort claim—negligence—is what leads the Court to bar its claims. The Court is therefore persuaded that in this case, NESL has not stated viable claims for either contribution or indemnification as a matter of law.[45]

## IV. CONCLUSION

For the reasons discussed, Third-Party Defendants ARM and DC Gohn's Motions to Dismiss, and LEW's Motion for Summary Judgment, will be granted with respect to Third-Party Plaintiff NESL's negligence and negligent misrepresentation claims (Counts II, III, IV, and V).

An order follows.

---

viewed in the light most favorable to the non-moving party, which support the reason as to granting this motion for summary judgment.

[44] *See Pansini*, 2018 WL 2129453 at *3 ("To paraphrase *Foulke*, '[t]here is no way that [Kanze] can be held liable for any part of [Ferguson's] alleged breaches of contract and warranty]' when Kanze's alleged wrongdoing was due to negligence.") (citing *Foulke v. Dugan*, 212 F.R.D. 265, 269 (E.D. Pa. 2002)).

[45] The Court need not address the economic loss damage claim. Under Pennsylvania law, the economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Sovereign Bank*, 533 F.3d at 175 (quoting *Adams v. Copper Beach Townhome Cmtys., L.P.*, 816 A.2d 301, 305 (Pa. Super. Ct. 2003)); *Aetna, Inc. v. Insys Therapeutics, Inc.*, 17-4812, 2018 WL 4051800, at *8 (E.D. Pa. Aug. 24, 2018). Again, the problem here is that there is a "mismatch" between Kroger's claims against NESL for breach of contract and breach of warranty, and NESL's claim of negligence and seeking contribution and common law indemnity remedies against LEW. Thus, although parties factually contest whether property damages stem from the issue, this is irrelevant to the present matter; the remedies of contribution and common law indemnity which NESL seeks from LEW are improper since—unless otherwise alleged by NESL—Kroger's claims derive mainly from contractual issues, which are not covered by the economic loss doctrine.